By the Court.—Clerke, J.
1. Even if the judicial authority was vested by the conjoint consent of the Government of the United States, and that of the Ottoman Porte in the American Consul at Alexandria, still it would not be the judicial power contemplated in the third article of the Constitution of the United States.
The power contemplated by the Constitution is that which *214 is possessed and' exercised by regularly organized tribunals within the territory of the United States; in which actions are prosecuted and justice administered by judges especially appointed, according to an established procedure, and in a regular and formal manner.
The authority given to executive officers to exercise judicial functions incidentally or occasionally, is not that judicial power •to which the third article of the Constitution has reference. Therefore, a State court will not refrain from interfering with persons prosecuting a claim before an American Consul in a foreign country, where the consul has no jurisdiction of such claim, or exercises an authority to which he has no right.
2. As a general rule, if a party has an adequate remedy at law a court ox equity will not interfere by injunction. But it is sometimes difficult to determine whether he has an adequate remedy, particularly where an injury may be suffered through the instrumentality of judicial proceedings in a foreign country; and, therefore, as Lord Brougham says in Carron Iron Company v. McLaren (5 Ho. of L. R., 438), “ if a suit instituted abroad appears ill-calculated to answer the ends of justice, the court of chancery will restrain the foreign action.”
3. At the time the proceedings under consideration were commenced before the consul, he had no jurisdiction in civil cases.
There are only two treaties, I believe, between the United States and the Ottoman Porte in which the latter has delegated any portion of judicial authority to the consuls of the former.
The treaty of 1830, does undoubtedly grant to them, in certain cases, criminal jurisdiction, but nothing more.
The treaty of 1860, has the following provision: “ It is moreover expressly stipulated that all rights, privileges and immunities, which the Sublime Porte now grants or may hereafter grant to or suffer to be enjoyed by the subjects, ships, commerce or navigation of any other foreign power, shall be equally granted to, exercised and enjoyed by the citizens, vessels, commerce and navigation of the United States of America.”
It is contended because the consuls of other nations have *215 exercised jurisdiction in civil cases in Turkey, that this provision delegates the same jurisdiction to American Consuls. It does not contain a single word relative to consular authority of any description. It relates solely to privileges allowed to private individuals, and to commerce and navigation. Before we can decide that a nation parts with any of her sovereign authority, the language by which it is transferred should be direct and unequivocal. From the language quoted, it is evident that no such design was ever the subject of negotiation.
Nor do I think Congress has conferred any such authority upon consuls; although if it had, the authority . would be ineffectual without the concurrence of the Ottoman Porte. As we have seen that this concurrence has not been yielded, it is scarcely necessary to examine the acts of Congress relating to this subject with any particularity.
By the act of 1860 (12 Stat. at L., 72), judicial power is conferred on consuls in criminal matters, and in civil cases, with such powers as consuls in China possess as far as the same are permitted by the laws of Turkey or its usages in its intercourse with the Franks or other Christian nations.
By the treaty with China the jurisdiction of consuls in civil cases is confined to questions between citizens of the United States resident in China.
Neither party in the proceedings before the consul in Alexandria resided there at the time they were commenced, or at any time since.
It is unnecessary to pursue this examination any further, as we have seen that the Ottoman Porte has never yielded any jurisdiction in civil cases to American Consuls.
On the whole, I think this injunction ought to be continued. We have jurisdiction over the persons of the defendants. It is a proper case for the exercise of that jurisdiction; and the prosecution of the proceedings before the consul at Alexandria is calculated to be productive of gross injustice.
Order affirmed, all the judges concurring, with costs.